**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JUAN MANUEL GALLO-CERVANTES, #461625,

    Petitioner,

                                     Civil No: 06-CV-13198
                                     Honorable Gerald E. Rosen
                                     Magistrate Judge R. Steven Whalen

v.

BLAINE LAFLER,

    Respondent.
_____/

**OPINION & ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

Petitioner, Juan Manuel Gallo-Cervantes, is a state inmate currently incarcerated at Carson City Correctional Facility in Carson City, Michigan. Petitioner was convicted after his Oakland County Circuit Court jury trial of possession of 650 or more grams of cocaine, Mich. Comp. Laws §333.7403(2)(a)(i). He was sentenced to a term of twenty to forty years' imprisonment.

Petitioner has filed a his *pro se* petition for writ of habeas corpus under 28 U.S.C. §2254. For the reasons that follow, the Court will deny the petition.

**I. BACKGROUND**

Petitioner's conviction arose from a search warrant that was executed upon his apartment, wherein, among other things, cocaine was discovered and seized.

Petitioner filed an appeal of right with the Michigan Court of Appeals raising the following claims:

> The admission of "other acts" evidence, which described alleged drug sales by co-defendant Herrera to unknown individuals outside of a bar in Pontiac, and which occurred five days before the raid and seizure of the drugs at issue here from an apartment in Waterford Township, and which had absolutely no connection to Mr. Gallo-Cervantes, was an abuse of discretion by the trial court which denied Gallo-Cervantes federal due process and a fair trial. The result was a miscarriage of justice / manifest injustice mandating a new trial.
>
> Trial counsel's failure to object and to limit exposure of the Gallo-Cervantes jury to the admission of evidence pursuant to MRE 404B deprived defendant/appellant of his Sixth Amendment right to effective assistance of counsel, due process and a fair trial mandating a new trial.
>
> The trial court abused its discretion by failing to recognize that defendant's conduct at or subsequent to the time of his arrest in assisting the police locate, arrest and extradite to Michigan an additional participant (drug kingpin) in the overall criminal events out of which Mr. Gallo-Cervantes' conviction arose such as to require re-sentencing and an opportunity for defendant to argue for departure downward from the mandatory minimum 20 year sentence imposed here.
>
> At least one "substantial and compelling" reason under Michigan law to depart downward from the mandatory minimum controlled substance sentence in the this case existed, but was improperly and/or inadvertently missed by the trial judge and at the very least this matter must be remanded for reconsideration on that basis and the imposition of a sentence deviating below the mandatory minimum twenty (20) year sentence imposed.
>
> Trial counsel's failure to properly remind the court of the facts and demand/request a deviation downward based upon the defendant's cooperation with and assistance to the authorities/police in locating, extraditing and bringing to justice a drug kingpin they were pursuing deprived defendant/appellant of his Sixth Amendment right to effective assistance of counsel, due process and a fair trial.

Petitioner's appeal of right was denied. *People v. Gallo-Cervantes,* No. 250004, 2005 WL 1750779 (Mich. Ct. App. July 26, 2005).

Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same issues as presented before the Michigan Court of Appeals. Relief was denied because the court was "not persuaded that the questions presented

2

should be reviewed by this Court." *People v. Gallo-Cervantes,* 474 Mich. 1025; 708 NW2d 427 (2006)(table).

Petitioner now files a petition for writ of habeas corpus under 28 U.S.C. §2254 raising the same claims for review.

## II.  STANDARD

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel.  *See Wiggins v. Smith,* 539 U.S. 510, 520 (2003).

As amended, 28 U.S.C. §2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. §2254(d).  Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law.  *Franklin v. Francis,* 144 F.3d 429, 433 (6th  Cir. 1998).  Mere error by the state court will not justify issuance of the writ;

the state court's application of federal law "must have been objectively unreasonable." *Wiggins,* 539 U.S. at 520-21 (quoting *Williams v. Taylor,* 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. §2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold,* 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

> The Supreme Court explained the proper application of the "contrary to" clause: A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams,* 529 U.S. at 405-06.

The Supreme Court held a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of §2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409.

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable . . .
>
> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law . . . Under §2254(d)(1)'s "unreasonable application" clause, then a federal habeas court may not issue the writ simply because

4

that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly . Rather, that application must also be unreasonable.

*Id.* at 409, 410-11. *See also Davis v. Coyle,* 475 F.3d 761, 766 (6th Cir. 2007); *King v. Bobby,* 433 F.3d 483, 489 (6th Cir. 2006); *Harbison v. Bell,* 408 F.3d 823, 828-29 (6th Cir. 2005); *Rockwell v. Yukins,* 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

### III. DISCUSSION

### A. Admission of "Other Acts" Evidence

Petitioner asserts that Officer Jerry Niedjelski testified about "his observations and opinions regarding what he observed co-defendant Herrera do outside of a bar in Pontiac, Michigan." Pet. at 1.

> Trial counsel did not object. Although Officer Niedjelski saw Mr. Gallo-Cervantes in a different bar later that night, Mr. Gallo-Cervantes was not in the area at the time Officer Niedjelski observed the alleged multiple drug transactions involving co-defendant Herrara. Testimony showed that the unknown Hispanic male riding with Herrara was not Mr. Gallo-Cervantes.

*Id.* It is Petitioner's position that Officer Niedjelski's testimony should not have been admitted into evidence as it was irrelevant and unrelated to the specific charges facing Petitioner.

### 1. Procedural Default

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims are barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v.*

*Thompson,* 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman*, 501 U.S. at 752, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required her to have done something at trial to preserve his claimed error for appellate review, e.g., to make a contemporaneous objection, or file a motion for a directed verdict. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996). Application of the cause and prejudice test may be excused if a petitioner "presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent." *Rust*, 17 F.3d at 162; *see Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Dretke v. Haley*, 541 U.S. 386, 393 (2004).

The last state court to issue a reasoned opinion addressing the "other acts" evidence claim in this case, the Michigan Court of Appeals, reviewed the claims on the merits despite defense counsel's failure to object to the admission of the evidence and despite defense counsel's failure to provide the trial court with a transcript of the hearing on the motion to exclude the MRE 404(b) evidence.[1] The contemporaneous-objection rule was firmly established and regularly followed with respect to the "other acts" evidence. . See, e.g.,*People v. Buckey*, 424 Mich. 1, 17-18, 378 N.W.2d 432, 440 (1985); *People v. Sharbnow*, 174 Mich. App. 94, 100, 435 N.W.2d 772, 775 (1989). The state court's reliance on Petitioner's waiver and failure to object to the admission of the MRE 404(b) evidence

---

[1]The Michigan Court of Appeals' opinion does not address the fact that defense counsel failed to object to the admission of the MRE 404(b) evidence, but did consider the issue waived due to trial counsel's failure to produce the subject transcript. Nonetheless, the "other acts" evidence issue was addressed on the merits.

6

is an adequate and independent state ground for foreclosing review. *See Engle v. Isaac*, 456 U.S. 107, 110 (1982) (concluding that a petitioner who fails to comply with a state rule mandating contemporaneous objections to jury instructions may not challenge the constitutionality of those instructions in a federal habeas corpus proceeding).

The fact that the state court of appeals engaged in plain error review of Petitioner's "other acts" evidence does not constitute a waiver of the state procedural default. *See Seymour v. Walker,* 224 F.3d 542, 557 (6th Cir. 2000). Rather, the review on those terms constitutes enforcement of the state procedural rule. *See Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001). Therefore, this Court may not review Petitioner's claims unless he has established cause for the default and actual prejudice as a result of the alleged violation of federal law or unless he has demonstrated that failure to consider these claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

However, given that the cause and prejudice inquiry merges with an analysis of the merits of Petitioner's defaulted claim, the Court concludes that it would be most efficient to simply consider the merits of the claims.

### 2. Michigan Court of Appeals

The Michigan Court of Appeals rejected Petitioner's "other acts" evidence claim by stating the following:

> Regardless, we conclude that the trial court properly admitted the evidence at issue because it falls within the *res gestae* exception to MRE 404(b). Here, the evidence of codefendant's alleged drug sales showed the events that led up to the investigating officer obtaining the search warrant. Therefore, it falls under the *res gestae* exception. *People v Sholl*, 453 Mich 730, 742; 556 NW2d 851 (1996) (explaining that "[e]vidence of other criminal acts is admissible when so blended or connected with the crime of which defendant is accused that proof of one incidentally involves the other or explains the circumstances of the crime"); *People v Bowers*, 136 Mich App 284, 294; 356

> NW2d 618 (1984) (noting that the *res gestae* exception allows introduction of evidence of other criminal activity and is applied in cases where the act or conduct evidence is introduced "for the purpose of explaining the circumstances leading up to the charged offense" and "not offered to prove that [the] defendant, by virtue of his commission of the separate act, had committed the offense for which he was on trial").

*People v. Gallo-Cervantes,* No:250004, *1.

### 3. Analysis

Petitioner claims that the trial court erred in allowing the admission of Officer Niedjelski's testimony regarding the unrelated conduct of the co-defendant in this case.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F. 3d 542, 552 (6th Cir. 2000); *See also Foster v. Withrow,* 159 F. Supp. 2d 629, 642-43 (E.D. Mich. 2001).

Petitioner's claim that the state court violated M.R.E. 404(b) by admitting this evidence is non-cognizable on habeas review. *See Bey v. Bagley,* 500 F 3d 514, 519 (6th Cir. 2007). The admission of this "other acts" evidence against Petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "other acts" evidence. *Bugh v. Mitchell,* 329 F. 3d 496, 512 (6th Cir. 2003); *Adams v. Smith,* 280 F. Supp. 2d 704, 716 (E.D. Mich.

2003).

Likewise, Petitioner's claim that this evidence was irrelevant does not raise due process issues of constitutional magnitude or entitle him to habeas corpus relief. *See Oliphant v. Koehler*, 451 F. Supp. 1305, 1308 (W.D.Mich. 1978). Finally, appraisals of the probative and prejudicial value of evidence are entrusted to the sound discretion of a state trial court judge, and a federal court considering a habeas petition must not disturb that appraisal absent an error of constitutional dimensions. *See Dell v. Straub*, 194 F. Supp. 2d 629, 645 (E.D. Mich. 2002). Petitioner is therefore not entitled to habeas relief on his first claim.

### B. Ineffective Assistance of Counsel

Petitioner asserts that he received ineffective assistance of counsel when his attorney failed to object to the admission of Officer Niedjelski's testimony. The Michigan Court of Appeals disagreed and held as follows:

> As discussed above, the evidence in question was not barred from admissibility by MRE 404(b). Therefore, any objection by trial counsel would have been futile. Counsel cannot be faulted for failing to raise a futile or meritless objection. *People v Moorer*, 262 Mich App 64, 76; 683 NW2d 736 (2004).

*Gallo-Cervantes,* No:250004, *1.

To show that Petitioner was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test. In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court sets forth the two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was

9

not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*.

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland,* a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy,* 99 F.3d 1302, 1311-12 (6th Cir. 1996). Under *Strickland,* a court must presume that decisions by counsel as to whether to call or question witnesses are matters of trial strategy. See *Hutchinson v. Bell,* 303 F.3d 720, 749 (6th Cir. 2002).

Petitioner has failed to demonstrate how trial counsel's performance was deficient in or prejudicial to his case due to the lack of merit upon which the ineffective assistance of counsel claim is based.

## C. Sentencing Claim

Finally, Petitioner argues that trial court erred in declining to sentence Petitioner below the guidelines and that his attorney was ineffective for failing to request a sentence below the guidelines. Petitioner's sentence of twenty years to forty years was within the statutory maximum for possession of 650 or more grams of cocaine. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A claim that a sentence is imposed in violation of Michigan's sentencing law does not state a claim for relief in a habeas proceeding where there is no claim that the sentence violates the cruel and unusual punishment clause of the Eighth Amendment. *Hanks v. Jackson*, 123 F. Supp. 2d 1061, 1075 (E.D. Mich. 2000).

It is now well settled that the Eighth Amendment "does not require strict proportionality between crime and sentence." *Id.* at 1001; *United States v. Layne,* 324 F.3d 464, 473 (6th Cir. 2003). Instead, the Eighth Amendment simply forbids extreme sentences that are "grossly disproportionate" to the crime committed. *Harmelin v. Michigan,* 501 U.S. at 1001. Because Petitioner was convicted of possession of 650 or more grams of cocaine, which is punishable by life imprisonment or any term of years pursuant to Mich. Comp. Laws §333.7403(2)(a)(1), and Petitioner was sentenced to a term of twenty to forty years for this offense, the sentence he received is in no way "grossly disproportionate" to the crime.

Petitioner does not allege that his sentence was cruel and unusual under the Eighth Amendment, but merely contends that the state court did not recognize under Michigan law

11

that it had the authority to depart further below the sentencing guidelines range. Because Petitioner's argument that the trial court disregarded its authority to depart further below the sentencing guidelines range is based on Michigan law, it is non-cognizable on federal habeas review. *See e.g. Branan v. Booth,* 861 F. 2d 1507, 1508 (th Cir. 1988).

To the extent Petitioner challenges the proportionality of his sentence, the argument does not furnish a basis for habeas relief. Michigan law says there must exist proportionality between an offense and the sentence. *People v. Milbourn,* 435 Mich. 630, 636; 461 N.W.2d 1 (1990). ("[A] given sentence can be said to constitute an abuse of discretion if that sentence violates that principle of proportionality, which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender."). However, the United States Constitution "contains no strict proportionality guarantee," and therefore, a claim that the sentencing court violated Michigan's principles of proportionality is not a cognizable claim under habeas review. *Harmelin v. Michigan,* 501 U.S. 957, 965 (1991).

To the extent that Petitioner is arguing that the trial court failed to afford him individualized consideration of mitigating evidence on his behalf, this claim fails because the U.S. Supreme Court has limited its holding concerning mitigating evidence to capital cases. *Alvarado v. Hill,* 252 F. 3d 1066, 1069 (9th Cir. 2001)(*citing to Harmelin v. Michigan,* 501 U.S. 957, 996 (1991)). Because Petitioner had no constitutional right to an individualized sentence, no constitutional error would occur if the state trial court failed to consider mitigating evidence on his behalf at sentencing. *Hastings v. Yukins,* 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002).

Petitioner's claim that the trial court failed to adequately depart below the sentencing

guidelines range pursuant to M.C.L.A. 769.34(3) is therefore non-cognizable on federal habeas review. *See Stewart v. Lavigne,* 2006 WL 752603, * 6-7 (E.D. Mich. March 22, 2006).

Petitioner also argues that his attorney was ineffective in failing to request a downward departure. As previously stated, generally, to prevail on an ineffective assistance of counsel claim on habeas review, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 687-88 (1984). In light of the fact that Petitioner's sentencing claim is without merit, trial counsel's performance cannot be deemed deficient for failing to raise a futile claim. Applying the same *Strickland* standard as set forth above in more detail, Petitioner makes no such showing of trial counsel's performance being deficient, and therefore, cannot establish prejudice.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED.**

                                        s/Gerald E. Rosen
                                        GERALD E. ROSEN, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT

Dated:   May 8, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on   May 8, 2009  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                                Laura A. Cook                                                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
           Juan Gallo-Cervantes, #461625, Carson City Correctional Facility, 10522 Boyer Road, Carson City, MI 48811                                                              .

                                        s/Ruth A. Brissaud
                                        Ruth A. Brissaud, Case Manager
                                        (313) 234-5137